IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARK NELSON**

    Plaintiff,                                                     No. 3:10-cv-00531-PK

         v.                                                        OPINION AND ORDER

**UNIFIED GROCERS, INC.,**

    Defendant.

**MOSMAN, J.**,

On July 18, 2011, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [44] in the above-captioned case recommending that the motion for summary judgment [29] filed by defendant Unified Grocers, Inc. ("Unified") be granted in part and denied in part. Unified objected [50] to the portion of the F&R recommending partial denial of its motion.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

I agree with Judge Papak's analysis and reject Unified's objections that challenge the analysis in the F&R. However, Unified raised one argument—only in passing to Judge Papak—that the F&R does not address. Specifically, Unified argued that Mr. Nelson's "interference" and "retaliation" claims[1] under the Family and Medical Leave Act ("FMLA") and the Oregon Family Leave Act ("OFLA") fail because Mr. Nelson cannot demonstrate any cognizable prejudice from the alleged violations. Judge Papak recommended that those claims, and only those claims, proceed past summary judgment but did not address this specific argument. I held oral argument on this issue and requested supplemental briefing. For the reasons explained more fully at oral argument, I now hold that the lack of prejudice to Mr. Nelson warrants summary judgment on these claims as well.

Simply put, Mr. Nelson has not raised a factual dispute that he lost any wages, benefits, or any other form of compensation as a result of the alleged FMLA and OFLA violations. Even assuming Unified wrongfully denied and discouraged leave, it is undisputed that Mr. Nelson took the full amount of leave to which he was entitled, and he identifies no harm under this

---

[1] I use these terms as defined in the F&R.

2 – OPINION AND ORDER

theory.  Likewise, even assuming his discharge was retaliatory, there is no material dispute that Mr. Nelson was unable to work for at least several months post-discharge.   He provides no explanation as to why or how his employment might have nevertheless continued, were it not for Unified's allegedly retaliatory motive.

## CONCLUSION

Upon review, I agree with Judge Papak's analysis and his recommendation as to all claims except for the interference and retaliation claims.  I therefore ADOPT IN PART the F&R [44].  However, I GRANT defendant summary judgment on all claims, including the interference and retaliation claims, for the reasons explained above and at oral argument.

IT IS SO ORDERED.

DATED this   12th    day of January, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER